**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DENISE ARCHER, et al., on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br>v.<br>CITY OF NEW YORK,<br>Defendant. | Case No. 1:26-cv-4426<br>**DECLARATION OF DAVID SHALLECK-KLEIN IN SUPPORT OF MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL** |

I, **David Shalleck-Klein**, hereby declare as follows:

1. I am an attorney at law admitted to the bar of the State of New York and this Court. I am the Founder and Executive Director of the Family Justice Law Center, Inc. ("FJLC"), a first-of-its-kind organization dedicated to bringing strategic litigation on behalf of families to challenge abuses by the child welfare system. I am co-counsel for Denise Archer and Danielle Lorimer ("Parent Plaintiffs"), and the Parents' Class and Subclass.

2. Together with the Wilmer Cutler Pickering Hale and Dorr LLP, the NYU Family Defense Clinic, City University of New York Family Defense Clinic – Main Street Legal Services, and Center for Constitutional Rights, FJLC represents the Parent Plaintiffs and Parents' Class.

3. The Legal Aid Society and Cleary Gottlieb Steen & Hamilton LLP represent J.W., J.A., D.A., by and through their next friend, Jahlia Hernandez, and Z.L., Y.L., X.L., W.L., and K.L., by and through their next friend, Jeanette Bocanegra, ("Children Plaintiffs"), and the Children's Class and Subclass.

4. I submit this Declaration in Support of Plaintiffs' Motion for Class Certification and Appointment of Class Counsel pursuant to Federal Rule of Civil Procedure 23.

5. FJLC has experience litigating civil rights class actions and cases implicating families' constitutional rights during Family Court Act Article 10 proceedings and Administration for Children's Services ("ACS") investigations to adequately represent the class.

6. FJLC has litigated numerous cases on behalf of families mistreated by the child welfare system and achieved critical victories for our clients. For instance, FJLC has challenged ACS supervision over non-respondent parents during family court proceedings, resulting in landmark appellate rulings finding ACS's widespread surveillance of families in these situations illegal. *See Matter of Sapphire W.*, 227 N.Y.S.3d 624 (2d Dept. 2025) (holding, as a matter of first impression, that the Family Court Act does not authorize ACS supervision over non-respondent parents whose children have never been removed from their care); *Matter of A.R.*, 239 N.Y.S.3d 139 (1st Dept. 2025) (ACS supervision over non-respondent mother whose child was never removed from her care was not authorized by Family Court Act); *Matter of Liam M.*, No. 2025-03064 (1st Dept. 2025) (pending appeal argues that supervision order violated mother's rights under the Fourth and Fourteenth Amendments of the U.S. Constitution and Article I Sections 6 and 12 of the New York Constitution).

7. FJLC also represents plaintiffs in an ongoing putative class action challenging ACS's practice of using coercive tactics to conduct illegal searches of tens of thousands of families' homes every year. *Gould v. City of New York*, No. 24-CV-1263 (E.D.N.Y. 2024). FJLC is also counsel to plaintiffs in a putative class action alleging unconstitutional delays in processing appeals from indicated reports of child abuse or maltreatment, *Poe v. Harris-Madden*, No. 26-CV-01606 (S.D.N.Y. 2026), and to a plaintiff parent who alleges she was retaliated

against by school officials who called ACS following her advocacy on behalf of her disabled son, *Fraser v. New York City Dep't of Educ.*, No. 26-CV-00385 (E.D.N.Y. 2026).

8. Along with co-counsel, FJLC represented K.W. and his son K.A. on appeal in a case challenging, *inter alia*, ACS's emergency removal of K.A. from his father's care in violation of their constitutional rights. *See K.W. v. City of New York*, No. 24-3042 (2d Cir. 2024). That advocacy resulted in a favorable ruling from the U.S. Court of Appeals for the Second Circuit just this month. *K.W. v. City of New York*, 2026 WL 1391967 (2d Cir. May 19, 2026).

9. FJLC has also filed lawsuits to compel ACS to provide information about how the agency uses its emergency removal power to separate children from families, *Family Justice Law Center v. N.Y.C. Admin. For Child. Servs.*, No. 2025-061465 (Sup. Ct. N.Y. Cnty. 2025), and to compel the disclosure of information about New York City's family courts, which preside over hearings challenging ACS emergency removals, *Family Justice Law Center v. N.Y.S. Off. of Court Admin.*, No 2025-152392 (Sup. Ct. N.Y. Cnty. 2025).

10. I have been practicing law since 2017. Before founding FJLC, I was a Staff Attorney in The Bronx Defenders Family Defense Practice for approximately five years. I estimate that I represented over one hundred families in cases brought by ACS alleging child maltreatment in family court. While at The Bronx Defenders, I successfully litigated two appeals implicating families' constitutional rights. *See Matter of F.W.*, 183 A.D.3d 267 (1st Dept. 2020) (holding that parents have constitutional right to prompt post-deprivation hearing after children removed from their physical custody); *Matter of Kevin W.*, 194 A.D.3d 663 (1st Dept. 2021) (holding that parents are "entitled to [] due process protections" when separated from their children).

11. I clerked for the Honorable Tanya S. Chutkan in the United States District Court for the District of Columbia. I graduated *magna cum laude* from the New York University School of Law in 2016.

12. I am admitted to practice in New York State and the following federal courts: the United States Court of Appeals for the Second Circuit, the United States District Court for the Southern District of New York, and the United States District Court for the Eastern District of New York.

13. Together with co-counsel's experience litigating civil rights cases and class actions in federal court, FJLC's expertise in litigating to protect families' rights will enable class counsel to adequately represent the Parents' Class and the Parents' Equal Protection Subclass.

14. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.



David Shalleck-Klein

Dated: New York, New York

May 22, 2026