UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENISE ARCHER, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF NEW YORK,<br><br>Defendant. | Case No. 26-cv-04426-RA-VF<br><br>**Confidentiality Stipulation and [Proposed] Protective Order** |

**WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. All documents or information designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel as necessary to assist in the litigation;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. Consultants, experts, or vendors assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

d. Plaintiffs, putative class members, and their legal guardians and/or next friends, to the extent that such information directly relates to such Plaintiff or putative class member, and the Plaintiff, putative class member, legal guardian, or next friend is otherwise entitled to the information under law;

e. Any witness to whom disclosure of such information is necessary to prepare the witness to provide deposition or hearing testimony in this litigation; and

f. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Information regarding the Plaintiffs' identities, including (but not limited to) the real name of a Plaintiff, the real name of a Plaintiff's family members, or the date of birth of a Plaintiff, will be treated as "ATTORNEYS' OR EXPERTS' EYES ONLY." Attorneys' or Experts' Eyes Only Information shall have the same protections as Confidential Information, as well as the additional protections and limitations set forth in paragraphs 6 through 8 below.

6. All documents or information designated as "ATTORNEYS' OR EXPERTS' EYES ONLY" shall not be disclosed to any person, except:

a. Attorneys of record for the Defendant City of New York;

b. In-house counsel at the New York City Law Department and Administration for Children's Services ("ACS") as necessary to assist in any aspect of the litigation, as determined at the sole discretion of the Corporation Counsel;

c. The Commissioner of ACS and senior ACS executives in charge of policy and planning, as necessary to assist in any aspect of the litigation, as determined at the sole discretion of the Corporation Counsel;

d. Other employees of ACS, as necessary to assist in any aspect of the litigation, as determined at the sole discretion of the Corporation Counsel;

e. Consultants, experts, or vendors assisting in the defense of the matter, as necessary to assist in the litigation; and

f. The Court (including the mediator, or other person having access to any Attorneys' or Experts' Eyes Only Information by virtue of his or her position with the Court).

7. Attorneys' or Experts' Eyes Only Information will not be shared with other members of ACS leadership, caseworkers, supervisors, investigators, program staff, or other non-legal personnel. The Information will be used solely for purposes of this litigation and will not be used in, referenced in, or shared in connection with any administrative, investigative, child-

welfare, family court, or other proceedings involving the plaintiffs or their family members. Each individual who receives the Information will be advised of these restrictions by counsel.

8. Prior to disclosing or displaying the Confidential Information or Attorneys' or Experts' Eyes Only Information to any person, counsel must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A. Outside vendors or service providers (e.g., copy-services, document-management consultants, graphic production services, computerized litigation systems vendors, or other litigation support services) ("Vendors") hired by counsel and assigned to this matter, may execute an agreement to be bound by this Order in the form attached as Exhibit A, through an authorized representative. The execution of Exhibit A will bind the Vendor and its employees and contractors assigned to this matter, and no individual employee will be required to separately execute the agreement.

9. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

10. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

11. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12. Notwithstanding the designation of information as “Confidential” or “Attorney’s or Experts’ Eyes Only” in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court’s procedures for requests for filing under seal.

13. At the conclusion of litigation, Confidential Information and Attorneys’ or Experts’ Eyes Only Information, and any copies thereof, shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties’ counsel shall be permitted to retain their working files on the condition that those files will remain protected.

14. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information or Attorneys’ or Experts’ Eyes Only Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

Dated: New York, New York

November 20, 2026

**OFFICE OF THE**
**CORPORATION COUNSEL**

By: *<u>/s/ Rachael E. Siegel</u>*__________
Damion K. L. Stodola
Rachael E. Siegel
Assistant Corporation Counsels
100 Church Street, Room 2-168
New York, New York 10007

*Attorneys for the City of New York*

November 20, 2026

_/s/ Lisa Freeman_
Lisa Freeman
Anna Blondell
Melissa Friedman
The Legal Aid Society
49 Thomas Street, 10th Floor
New York, NY 10013
Tel: (212) 577-7982
Fax: (646) 616-4982
lafreeman@legal-aid.org
ablondell@legal-aid.org
mfriedman@legal-aid.org

Roger A. Cooper
Andrew Khanarian
Ariel Sheffey
Michael Cronin
Cleary Gottlieb Steen
& Hamilton LLP
One Liberty Plaza
New York, NY 10006
Tel: (212) 225-2000
racooper@cgsh.com
akhanarian@cgsh.com
asheffey@cgsh.com
mcronin@cgsh.com

*Attorneys for J.W., J.A., D.A., Z.L., Y.L., X.L., W.L., K.L., and the Children's Class and Children's Subclass*

_/s/ Thomas White_
Alan E. Schoenfeld
Thomas White
Hannah Hoffman
Michaela Olson
Hailey Elisabeth Kruger
Kendrick Baker
Wilmer Cutler Pickering
Hale and Dorr LLP
7 World Trade Center
New York, NY 10007
Tel: (212) 230-8800
Fax: (212) 230-8888
Alan.Schoenfeld@wilmerhale.com
Tom.White@wilmerhale.com
Hannah.Hoffman@wilmerhale.com
Michaela.Olson@wilmerhale.com
Hailey.Kruger@wilmerhale.com
Kendrick.Baker@wilmerhale.com

Sean J. Kim
Wilmer Cutler Pickering
Hale and Dorr LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel: (202) 663-6142
Fax: (202) 663-6363
Sean.Kim@wilmerhale.com

David Shalleck-Klein
Eliza J. McDuffie
Phoenix Rice-Johnson
Family Justice Law Center
183 Madison Avenue, Suite 419
New York, NY 10016
Tel: (212) 223-6939
dshalleckklein@fjlc.org
emcduffie@fjlc.org
pricejohnson@fjlc.org

Baher Azmy
Center for Constitutional Rights
666 Broadway, 7th Floor

New York, NY 10012
Tel: (212) 614-6464
bazmy@ccrjustice.org

Christine Gottlieb
NYU School of Law Family
Defense Clinic/Washington
Square Legal Services
245 Sullivan Street, 5th Floor
New York, NY 10012
Tel: (212) 998-6693
gottlieb@mercury.law.nyu.edu

Tarek Z. Ismail
Julia Hernandez*
Family Defense Clinic
Main Street Legal Services,
CUNY School of Law
2 Court Square
Long Island City, NY 11101
Tel: (718) 340-4141
Tarek.Ismail@law.cuny.edu
Julia.Hernandez@law.cuny.edu

** Application pending*

*Attorneys for Denise Archer, Danielle Lorimer, and the Parents' Class and Parents' Subclass*

Valerie Figueredo
United States Magistrate Judge

SO ORDERED this 24 day of

November, 2026

**Exhibit A**

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential and/or attorneys' or experts' eyes only. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "ATTORNEYS' OR EXPERTS' EYES ONLY" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

________________________________

Signed in the presence of:

________________________________

(Attorney)